IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| DZ BANK AG DEUTSCHE ZENTRAL-GENOSSENSCHAFTSBANK, FRANKFURT AM MAIN, NEW YORK BRANCH,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL MCCRANIE a/k/a MICHAEL J. MCCRANIE,<br><br>Defendant. | Case No. 3:10-cv-00222-TJC-MCR |

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)
AND MEMORANDUM OF LEGAL AUTHORITY**

NOW COMES Plaintiff/Counter-Defendant DZ BANK AG DEUTSCHE ZENTRAL-GENOSSENSCHAFTSBANK, FRANKFURT AM MAIN, NEW YORK BRANCH ("DZ Bank"), by and through its counsel, and for its Motion to Dismiss Defendant/Counter-Plaintiff MICHAEL MCCRANIE's ("McCranie") Counterclaims, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Memorandum of Law in Support thereof, states as follows:

**INTRODUCTION**

This litigation arises out of McCranie's failure to make payments due under a loan between DZ Bank, as the current owner and holder of the loan, and McCranie, as borrower. McCranie filed a counterclaim (the "Counterclaim") in an attempt to gain leverage over DZ Bank in what is a simple collection case. McCranie alleges Brooke Credit Corporation (now known as Aleritas Capital Corporation) ("BCC") loaned McCranie money to acquire insurance agencies. Over six years later, Brooke Corporation ("Brooke") allegedly announced it would no longer service the insurance policies McCranie originated, as previously agreed, but would keep

all of McCranie's commission payments. Brooke filed for bankruptcy protection in the United States Bankruptcy Court for the District of Kansas, Case No. 08-22786. Incredibly, McCranie concludes that Brooke's decision to no longer service the insurance policies and retain McCranie's commission payments gives rise to causes of action against DZ Bank for unjust enrichment, promissory estoppel, breach of fiduciary duty, and rescission of the contract. For the reasons set forth below, McCranie's Counterclaim is without merit and should be dismissed with prejudice.

## BACKGROUND

On April 17, 2002, BCC and McCranie executed a Promissory Note, Loan No. 2752, whereby BCC agreed to refinance McCranie's previous debts resulting in a total amount due of $831,407.78, plus interest as more particularly described therein. See Complaint, ¶ 5 and the Loan, the Agreement for Advancement of Loan, and a loan restructuring letter (collectively, the "Loan"), attached as Exhibit A to the Complaint. McCranie admits that he entered into the Promissory Note, Loan No. 2752. See Answer, ¶ 5. BCC assigned the Loan to Brooke Credit Funding, LLC ("BCF"), and BCF pledged the Loan to its lenders as security. See Complaint, ¶ 6. BCF's senior secured creditors are DZ Bank and Autobahn Funding Company, LLC ("Autobahn"). See Complaint, ¶ 7. By written agreement Autobahn appointed DZ Bank as its agent, authorizing DZ Bank to enforce its rights under the Loan in DZ Bank's name. See Complaint, ¶ 7. BCF defaulted on its obligations to DZ Bank. See Complaint, ¶ 7. On October 30, 2008, DZ Bank, BCC, and BCF entered into a Surrender of Collateral, Consent to Strict Foreclosure, Release and Acknowledgment Agreement (the "Surrender of Collateral"). See Complaint, ¶ 9 and the Surrender of Collateral attached as Exhibit B to the Complaint. The Loan is included in the Surrender of Collateral. See Complaint, ¶ 9. Accordingly, DZ Bank is the

owner and holder of the Loan and has the right to enforce payment of the Promissory Note, Loan No. 2752. See Complaint, ¶ 10; Surrender of Collateral, ¶ 1.3.1. On October 31, 2008, DZ Bank and BCF entered into an Omnibus Assignment Agreement ("Omnibus Assignment") whereby BCC further confirmed that DZ Bank has full ownership of BCF's rights as BCC's assignee under the Loan. See Complaint, ¶ 11 and the Omnibus Assignment Agreement attached as Exhibit C to the Complaint.

Non-payment is an event of default under the Loan. See Loan, ¶ 13. McCranie defaulted under the Loan by failing to make payments when due. See Complaint, ¶ 12. DZ Bank demanded payment from McCranie for the outstanding balance of $484,425.42, but McCranie failed and refused to pay the same. See Complaint, ¶ 13. On March 11, 2010, DZ Bank filed suit against McCranie for breach of the Loan. On April 27, 2010, McCranie filed a Counterclaim for unjust enrichment, promissory estoppel, breach of fiduciary duty, and rescission of the contract.

## ARGUMENT

**A. Standard of Review.**

A Rule 12(b)(6) motion to dismiss a counterclaim "is treated the same as a motion to dismiss a complaint." Fabricant v. Sears Roebuck, 202 F.R.D. 306, 308 (S.D. Fla. 2001). When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept the "well-pleaded facts" in the complaint and the "reasonable inferences drawn from those facts." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (citing Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992)). A Rule 12(b)(6) motion to dismiss will not be avoided by pleading "[u]nsupported conclusions of law or of mixed fact and law[.]" Gonzalez, 325 F.3d at 1235 (citing Marsh v. Butler County, 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001)). If documents referenced in the complaint "are central to the plaintiff's claim, then the Court may consider the documents part of

the pleading for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." Bickley v. Caremark RX, Inc., 461 F.3d 1325, 1329 n. 7 (11th Cir. 2006) (citing Brooks v, Blue Cross & Blue Shield, Inc., 116 F.3d 1364, 1369 (11th Cir. 1997)). Furthermore, "a district court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion." Serpentfoot v. Rome City Commission, 2009 WL 915248, at *5 (11th Cir. 2009). Importantly, "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." Griffin Industries, Inc. v. Irvin, 496 F.3d 1189, 1206 (11th Cir. 2007). Here, the exhibits to the Complaint preclude McCranie's Counterclaim such that his Counterclaim should be dismissed.

**B. Kansas Law Applies.**

Paragraph thirty-eight (38) of the Loan states that "[t]his Agreement shall be construed and governed by the laws of the State of Kansas[.]" "[U]nder Florida law, courts will enforce 'choice-of-law provisions unless the law of the chosen forum contravenes strong public policy.'" Maxcess, Inc. v. Lucent Technologies, Inc., 433 F.3d 1337, 1341 (11th Cir. 2005)(citing Mazzoni Farms, Inc. v. E.I. DuPont de Nemours & Co., 761 So.2d 306, 311 (Fla. 2000)(citations omitted)). Because BCC, the original assignor of the Loan, maintained its principal place of business in Kansas, and the Loan is a valid contract, Kansas law should be applied according to the terms of the Loan. However, DZ Bank's choice of law provision in the Loan does not displace the procedural law of the forum. See Shaps v. Provident Life and Accident Insurance Company, 317 F.3d 1326, 1330 (11th Cir. 2003). Thus, when deciding DZ Bank's Motion to Dismiss, this Court should apply the substantive law of the State of Kansas and the procedural law of the United States District Court for the Middle District of Florida.

### C. The Four Counterclaims Fail to Meet the Pleading Requirements of Federal Rule of Civil Procedure 8(a)(2).

In stating a claim, Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007). Although a complaint sought to be dismissed under a Rule 12(b)(6) motion to dismiss does not require the presence of detailed factual allegations, the plaintiff's obligation to indicate its grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." United Technologies Corporation v. Mazer, 556 F.3d 1260, 1269-1270 (11th Cir. 2009) (citing Bell Atlantic Corporation, 550 U.S. at 555).

The entire Complaint turns on McCranie's allegation that DZ Bank is the agent of Brooke and BCC, even though DZ Bank purchased the paper from BCF. In total, McCranie alleges "DZ Bank, as the agent of Brooke and BCC, has voluntarily accepted and retained the benefit conferred by McCranie." See Counterclaim, ¶ 10. McCranie has failed to allege how DZ Bank became the agent of Brooke and BCC. McCranie makes an unsupported assertion that "DZ Bank is acting as the agent of Brooke and BCC" presumably in an attempt to impute the alleged actions of Brooke and BCC onto DZ Bank, but this attempt fails.

The issue of what constitutes an agency and whether competent evidence exists to prove the presence of an agency relationship is a question of law. Town Center Shopping Center, LLC v. Premier Mortgage Funding, Inc., 148 P.3d 565, 569 (Kan. Ct. App. 2006). If the existence of an agency relationship is in question, "the party relying on an alleged agency relationship has the burden of establishing its existence by clear and satisfactory evidence." Id. The finder of fact determines whether an agency is present. Id.

The two types of agencies are (1) actual and (2) ostensible or apparent. Johnson v. United Excel Corporation, 2009 WL 248113, at *6 (Kan. Ct. App. 2009). Apparent authority is present if "the principal has intentionally or by want of ordinary care induced and permitted others to believe that a person is the principal's agent, even though no authority, either express or implied, has been actually conferred upon the person. Id. On the other hand, the authority of an actual agent is express or implied. Id. at *7. Express authority exists under circumstances where the principal has given authority to the agent by words expressly authorizing the agent's actions. Id. Implied authority exists if the statements and actions of the parties, in addition to other applicable circumstances, make it seem as though the principal "intended to clothe the agent with such an appearance of authority that when the agency was exercised, it would normally and naturally lead others to rely on the agent's acts as being authorized by the principal." Id.

DZ Bank is neither an actual nor apparent agent of Brooke or BCC, or any other prior owner of the Loan, as McCranie has not alleged that these entities have (1) induced or permitted McCranie to believe DZ Bank was their agent, (2) given DZ Bank authority by words expressly authorizing it to act, or (3) stated or acted in a way to make it seem that they intended to clothe DZ Bank with the appearance of authority. The Loan makes no reference to DZ Bank being an agent of Brooke, BCC or any other prior owner of the Loan. Indeed, DZ Bank and Brooke and BCC are effectively adversaries under the Surrender of Collateral and Omnibus Assignment, contradicting McCranie's conclusory statement that DZ Bank is the agent of Brooke and BCC. Moreover, the plain language of the Omnibus Assignment, of which McCranie is aware, indicates BCC and BCF assigned all their right, title and interest, but none of their obligations, in the Loan to DZ Bank. See Omnibus Assignment Agreement attached as Exhibit C to the Complaint ("The foregoing sale does not constitute and is not intended to result in any

6

assumption by DZ Bank of any obligation of the undersigned to the Obligors, insurers or any other Person in connection with the Loans, the Loan Files, any insurance policies or any agreement or instrument relating to any of them."). Accordingly, even if DZ Bank is found to be an agent, despite a complete lack of evidence supporting such a conclusion, the Omnibus Assignment indicates the transfer of the right, title and interest in the Loan does not constitute an assumption by DZ Bank of the obligations of the prior owner to McCranie.

Pursuant to these aforementioned principles, all four of McCranie's counterclaims must be dismissed. All four counterclaims depend on DZ Bank being Brooke's and BCC's agent which, as a matter of law, it is not. Since McCranie's conclusory allegation is contradicted by the transaction documents, the documents control. Accordingly, McCranie cannot offset defenses it would have to Brooke and BCC against DZ Bank. McCranie provides little more than a "formulaic recitation" of the elements of unjust enrichment, promissory estoppel, breach of fiduciary duty, and rescission of the contract under what appears to be Florida law. The factual allegations provided in the complaint "must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corporation</u>, 550 U.S. at 555. Notwithstanding McCranie's apparent failure to apply the substantive law of the State of Kansas, his Counterclaim fails to raise a right to relief above a speculative level because so few allegations, if any, are provided that are based in fact. No support is provided for McCranie's conclusory allegation that DZ Bank is acting as the agent of Brooke or BCC. Moreover, neither this Court nor DZ Bank should have to guess as to the facts upon which McCranie's causes of action rely. On this basis alone, McCranie's Counterclaim should be dismissed. McCranie appears to assert that DZ Bank has breached an obligation to him by collecting on the Loan, after Brooke ceased doing business.

McCranie fails to acknowledge that, under the terms of the Loan, the lender's obligations are completed upon funding, which McCranie admits occurred.

**D. DZ Bank Is a Holder In Due Course and Is Not Subject to McCranie's Counterclaim.**

The Defendant's Counterclaim must be dismissed because DZ Bank is a holder in due course. Under Kansas law, K.S.A. 84-3-302(a), a party qualifies as a holder in due course if it takes an instrument (1) for value, (2) in good faith and (3) without notice of any defenses or claims against the instrument. KAN. U.C.C. ANN. § 84-3-302(a) (West 2010); Kaw Valley State Bank & Trust Co. v. Riddle, 549 P.2d 927, 932 (Kan. 1976).

K.S.A. 84-3-303 indicates that an instrument is transferred "for value" if, for example, said instrument is "transferred as payment of, or as security for, an antecedent claim against any person, whether or not the claim is due[.]"KAN. U.C.C. ANN. § 84-3-303 (West 2010). Kansas law defines "good faith" as "honesty in fact and the observance of reasonable commercial standards of fair dealing." KAN. U.C.C. ANN. § 84-1-201(b)(20) (West 2010). Moreover, the Supreme Court of Kansas has interpreted "good faith" to require "no actual knowledge of or participation in any material infirmity in the original transaction." Kaw Valley State Bank & Trust Co., 549 P.2d at 932-33. K.S.A. 84-1-202 addresses what constitutes "notice." Specifically, the provision provides that "a person has 'notice' of a fact if the person:

(1) Has actual knowledge of it;

(2) has received a notice or notification of it; or

(3) from all the facts and circumstances known to the person at the time in question, has reason to know that it exists."

KAN. U.C.C. ANN. § 84-1-202(a) (West 2010).

A holder in due course has the right to require a party to pay the instrument at issue and is not subject to said party's defenses that "would be available if the person entitled to enforce the instrument were enforcing a right to payment under a simple contract[.]"Kan. U.C.C. Ann. § 84-3-305(a)-(b) (West 2010). In this case, McCranie fails to allege any facts showing that DZ Bank is not a holder in due course.

### E. Even If McCranie's Counterclaims Are Not Precluded For the Reasons Set Forth Above, McCranie Has Still Failed To State A Claim Upon Which Relief May Be Granted.

#### 1. McCranie Has Failed To State a Claim For Unjust Enrichment.

The Defendant's counterclaim for unjust enrichment must be dismissed. In Kansas, the elements of a claim for unjust enrichment are "(1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge of the benefit by the defendant; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value." J.W. Thompson Company v. Welles Products Corporation, 758 P.2d 738, 745 (Kan. 1988).

McCranie's Counterclaim fails to set forth two out of the three crucial elements of unjust enrichment and, therefore, must be dismissed. First, McCranie does not plead that he conferred a benefit upon DZ Bank. McCranie's Counterclaim indicates he "conferred a benefit on Brooke and BCC[.]" See Counterclaim, ¶ 9. In addition to making no attempt to clarify what the alleged benefit is, McCranie makes an unsupported assertion that "DZ Bank is acting as the agent of Brooke and BCC" presumably in an attempt to impute the alleged actions of Brooke and BCC onto DZ Bank. See Counterclaim, ¶ 9. However, as provided in Paragraph C above, McCranie provides no support, likely because none exists, to indicate how DZ Bank became the agent of Brooke and BCC.

9

Second, McCranie does not plead the second element of unjust enrichment as he does not indicate DZ Bank had an appreciation or knowledge of the benefit. McCranie only indicates that Brooke and BCC have knowledge of the benefit. See Counterclaim, ¶ 9. Similar to the first element, McCranie tries to impute the alleged knowledge of Brooke and BCC on DZ Bank by alleging DZ Bank is the agent of Brooke and BCC. See Counterclaim, ¶ 9. However, as already discussed, DZ Bank is not the agent of Brooke and BCC and can not be imputed with their alleged knowledge of the benefit.

**2. McCranie Has Failed To State a Claim For Promissory Estoppel.**

The Defendant's counterclaim for promissory estoppel must be dismissed. The theory of promissory estoppel enables a court "to enforce an otherwise unenforceable promise." Suitt Construction Company, Inc. v. Hill, 2007 WL 219960, at *8 (Kan. Ct. App. 2007). Accordingly, promissory estoppel is not available in a case where a contract supported by consideration exists between the parties at issue. Id.; Decatur County Feed Yard, Inc. v. Fahey, 974 P.2d 569, 577 (Kan. 1999). In Kansas, the elements of a claim for promissory estoppel are that the promise was made under such circumstances where "(1) the promisor reasonably intended or expected the promisee to act in reliance on the promise; (2) the promisee acted reasonably in reliance on that promise; and (3) a refusal of the court to enforce the promise would sanction the perpetration of fraud or result in other injustice." 10th Street Medical Inc. v. State, 210 P.3d 670, 675 (Kan. Ct. App. 2009); Marker v. Preferred Fire Insurance Company, 506 P.2d 1163, 1170 (Kan. 1973).

McCranie admits that he entered into the Promissory Note, Loan No. 2752. See Answer, ¶ 5. Kansas law clearly indicates a claim of promissory estoppel is not available where a contract supported by consideration exists between the parties. Decatur County Feed Yard, Inc., 974 P.2d at 577. The Integration Clause in Paragraph 36 of the Agreement for Advancement of

Loan, specifically made a part of Promissory Note, Loan No. 2752 by its terms, indicates that "[n]o oral understandings, oral statements, oral promises or oral inducements exist." The entire Agreement between McCranie and DZ Bank is reduced to a writing in the form of the Loan documents, thus any claim by McCranie that a promise existed outside of the Loan documents must fail.

Notwithstanding the existence of a contract, McCranie fails to allege all three crucial elements of a promissory estoppel claim. First McCranie does not plead that DZ Bank is the promisor under the first element. In addition to making no attempt to clarify what the alleged promise is, McCranie makes an unsupported assertion that DZ Bank is acting as the agent of Brooke and BCC, presumably in an attempt to impute the alleged actions of Brooke and BCC onto DZ Bank. See Counterclaim, ¶ 15. However, as provided in Paragraph C above, DZ Bank is not the agent of Brooke and BCC, thus McCranie's attempt to hold DZ Bank liable for the alleged promise of Brooke and BCC must fail. Second, McCranie does not correctly plead the second element of a claim for promissory estoppel. McCranie fails to allege that he acted reasonably in reliance on the alleged promise. See Counterclaim, ¶ 14-16. Lastly, McCranie fails to adequately plead the third element of the claim. McCranie does not indicate what "other injustice" can be avoided by enforcement of the alleged promise, and simply states the vague assertion that "[i]njustice can be avoided."

**3. McCranie Has Failed To State a Claim For Breach of Fiduciary Duty.**

The Defendant's counterclaim for breach of a fiduciary duty must be dismissed. Two types of fiduciary relationships exist: "(1) those specifically created by contract… and (2) those implied in law due to the factual situation surrounding the involved transactions and the relationship of the parties to each other and to the questioned transactions." Denison State Bank

v. C. C. Madeira, 640 P.2d 1235, 1241 (Kan. 1982). The existence of the second type, fiduciary relationships implied in law, depends upon the facts of a given case. Id.

The court has not provided an exact definition regarding fiduciary relationships. Id. However, some broad, general principles that should be reviewed when deciding whether a fiduciary relationship exists including: "[1] A fiduciary relationship imparts a position of peculiar confidence placed by one individual in another. [2] A fiduciary is a person with a duty to act primarily for the benefit of another. [3] A fiduciary is in a position to have and exercise, and does have and exercise influence over another. [4] A fiduciary relationship implies a condition of superiority of one of the parties over the other. [5] Generally, in a fiduciary relationship, the property, interest or authority of the other is placed in the charge of the fiduciary." Id.

A party "who is not under any disability or disadvantage may not abandon all caution and responsibility for his own protection and unilaterally impose a fiduciary relationship on another without a conscious assumption of such duties by the one sought to be held liable as a fiduciary." Daniels v. Army National Bank, 822 P.2d 39, 42 (Kan. 1991). This is especially true in instances where one party is fully competent and can protect his own interests. Denison State Bank, 640 P.2d at 1243-44. The court does not want to "convert ordinary day-to-day business transactions into fiduciary relationships where none were intended or anticipated." Id. The parties "may deal at arm's length for their mutual profit" and "[i]t is only when, by their concerted action, they willingly and knowingly act for one another in a manner to impose mutual trust and confidence that a fiduciary relationship arises." Wolf v. F. C. Brungardt, 524 P.2d 726, 736 (Kan. 1974).

In the instant case, a fiduciary relationship has not been created. Neither does McCranie adequately assert such a relationship was created, nor do any Loan documents evidence such an

assertion. Moreover, a fiduciary relationship has not been implied in law. McCranie appears to claim that the alleged status of DZ Bank as Brooke's and BCC's agent creates the fiduciary duties alleged. However, as provided in Paragraph C above, DZ Bank is not the agent of Brooke and BCC.

Notwithstanding the non-existence of an agency relationship, the facts of this case make it clear a fiduciary relationship cannot be implied in law. McCranie is not under any disability or disadvantage that would enable him to impose a fiduciary duty on DZ Bank. DZ Bank was not in a superior position to McCranie as McCranie is a sophisticated business person, fully competent and able protect his own interests. The court does not want to "convert ordinary day-to-day business transactions into fiduciary relationships where none were intended or anticipated." Denison State Bank, 640 P.2d at 1243-44. DZ Bank could not anticipate that accepting an assignment of the Loan would result in a fiduciary relationship with the borrower under that Loan. Prior to this assignment, DZ Bank had no interactions with McCranie and, after the assignment, DZ Bank did not consciously assume any fiduciary duties to McCranie. Importantly, McCranie does not set forth any facts indicating a conscious assumption of a fiduciary relationship took place, nor are there any facts to support such a finding. Also, typically, the "lender-borrower relationship creates no special duty" and liability is imposed "on financial institutions only in those instances involving fraud and conflicts of interest." Daniels, 822 P.2d at 42. In this instant case involving a lender-borrower relationship, McCranie does not assert the existence of fraud or conflicts of interest, thus no special duty is created.

### 4. McCranie Has Failed To State a Claim For Rescission of the Contract.

The Defendant's counterclaim for rescission of the contract must be dismissed. The rescission of a contract is "the annulling or abrogation or unmaking of the contract and the

placing of the parties to it in the status quo." Dreiling v. Home State Life Insurance Company, 515 P.2d 757, 766 (Kan. 1973). Rescission "necessarily involves a repudiation of the contract and a refusal of the moving party to be further bound by it." Id. A party's right to rescission of a contract "is extreme and does not necessarily arise from every breach." In re Estate of Johnson, 452 P.2d 286, 292 (Kan. 1969). In order for this right to exist, "the breach must be material and the failure to perform so substantial as to defeat the object of the parties in making the agreement." Id. Generally, "in order for impossibility of performance to constitute a ground for rescission, it must clearly appear that the only performance possible would be essentially different from that promised in the contract." Id. at 294.

DZ Bank is a wholly separate entity from Brooke and BCC. As provided in Paragraph C above, DZ Bank is not the agent of Brooke and BCC and McCranie is unable to impute his interactions with Brooke and BCC onto DZ Bank. Accordingly, McCranie fails to plead a rescission of the contract claim with respect to DZ Bank in any form. DZ Bank is not even referenced in McCranie's rescission of the contract counterclaim except when he demands damages from DZ Bank for the rescission. See Counterclaim, Count IV. Moreover, as previously indicated, the plain language of the Omnibus Assignment reveals BCC and BCF assigned all their right, title and interest, but none of their obligations, in the Loan to DZ Bank. Accordingly, DZ Bank is not liable for any the actions of Brooke and BCC that are alleged to create a cause of action for rescission and entitle McCranie to damages.

## CONCLUSION

For all the foregoing reasons, Defendant's Counterclaim should be dismissed with prejudice.

WHEREFORE, DZ BANK AG DEUTSCHE ZENTRAL-GENOSSENSCHAFTSBANK, FRANKFURT AM MAIN, NEW YORK BRANCH respectfully requests that this Court dismiss MICHAEL MCCRANIE's Counterclaim with prejudice, and award DZ Bank all such relief which this Court deems just and proper.

DATED this 18th day of May, 2010.

                    **ROLFE & LOBELLO, P.A.**

                    */s/ Lawrence C. Rolfe*
                    _____
                    **LAWRENCE C. ROLFE**
                    Fla. Bar No.: 164801
                    Post Office Box 40546
                    Jacksonville, Florida 32203-0546
                    (904) 358-1666
                    (904) 356-0516 (Facsimile)
                    Attorney for Plaintiff,
                    DZ BANK AG DEUTSCHE ZENTRAL-GENOSSENSCHAFTSBANK, FRANKFURT AM MAIN, NEW YORK BRANCH

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 18, 2010, I electronically filled with foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Robert D. Wilcox, Esquire                 Felecia L. Falana, Esquire
WILCOX LAW FIRM                      WILCOX LAW FIRM
4190 Belfort Road, Suite 315              4190 Belfort Road, Suite 315
Jacksonville, Florida 32216                Jacksonville, Florida 32216

                    */s/ Lawrence C. Rolfe*
                    _____
                    **LAWRENCE C. ROLFE**