UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DZ BANK AG DEUTSCHE ZENTRAL-
GENOSSENSCHAFTSBANK, FRANKFURT
AM MAIN, NEW YORK BRANCH,

    Plaintiff/Counter-Defendant,

vs.                                                   Case No. 3:10-cv-222-J-MCR

MICHAEL MCCRANIE a/k/a MICHAEL J.
MCCRANIE,

    Defendant/Counter-Plaintiff.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff/Counter-Defendant's Motion to Dismiss Defendant/Counter-Plaintiff's First Amended Counterclaims and Request for Declaratory Relief (Doc. 18) filed September 1, 2010.

## I.    INTRODUCTION

On March 11, 2010, Plaintiff/Counter-Defendant DZ Bank AG Deutsche Zentral-Genossenschaftsbank ("DZ Bank") filed a complaint against Defendant/Counter-Plaintiff Michael McCranie ("McCranie") claiming breach of a promissory note and failure to make payments allegedly due under a loan. (Doc. 1). On April 27, 2010, McCranie filed his Answer and Counterclaim. (Doc. 6). On May 18, 2010, DZ Bank filed a Motion to Dismiss McCranie's Counterclaim. (Doc. 7). In response to DZ Bank's Motion to Dismiss, McCranie filed a First Amended Counterclaim and Request for Declaratory Relief. (Doc. 14). In his First Amended Counterclaim, McCranie alleges that DZ Bank,

-1-

Brooke Corporation ("Brooke"), and various Brooke subsidiaries, including Brooke Credit Corporation (now known as Aleritas Capital Corporation) ("BCC"), Brooke Agency Services Company, LLC ("BASC"), and the American Heritage, Inc. ("American Heritage"), engaged in conduct over the course of their respective business relationships with McCranie that ultimately relieves him of any liability to DZ Bank.[1]

On September 1, 2010, DZ Bank filed the instant Motion to Dismiss McCranie's Amended Counterclaim and Request for Declaratory Relief. (Doc. 18). On October 6, 2010, McCranie filed his response in opposition to DZ Bank's Motion to Dismiss.[2] (Doc. 28). Accordingly, this matter is now ripe for judicial determination.

## II.   BACKGROUND

On April 17, 2002, BCC and McCranie executed a Promissory Note and an Agreement for Advancement of Loan (collectively, the "Loan"), whereby BCC agreed to refinance McCranie's previous debts resulting in a total amount due of $831,407.78, plus interest. (Doc. 1-A). According to the Complaint, BCC assigned the Loan to Brooke Credit Funding, LLC ("BCF"), and BCF pledged the Loan to its lenders as security. (Doc. 1, ¶ 6). BCF's senior secured creditors are DZ Bank and Autobahn Funding Company, LLC ("Autobahn"). (Doc. 1, ¶ 7). By written agreement Autobahn appointed DZ Bank as its agent, authorizing DZ Bank to enforce its rights under the Loan in DZ Bank's name. (Id.). BCF defaulted on its obligations to DZ Bank. (Doc. 1, ¶

---

[1] Brooke filed for bankruptcy protection in the United States Bankruptcy Court for the District of Kansas.

[2] On September 22, 2010, this Court granted McCranie an extension of time until October 6, 2010, in which to respond to the instant motion. (Doc. 27).

8).  On October 30, 2008, DZ Bank, BCC, and BCF entered into a Surrender of Collateral, Consent to Strict Foreclosure, Release and Acknowledgment Agreement (the "Surrender of Collateral").  See (Doc. 1-B).  The Loan was included in the Surrender of Collateral.  (Doc. 1, ¶ 9).  On October 31, 2008, DZ Bank and BCF entered into an Omnibus Assignment Agreement (the "Omnibus Assignment") whereby BCC confirmed that DZ Bank has ownership of BCF's rights as BCC's assignee under the Loan.  See (Doc. 1-C).

According to the Complaint, McCranie defaulted under the Loan and DZ Bank demanded payment of the outstanding balance.  (Doc. 1, ¶¶ 12-13).  On March 11, 2010, DZ Bank filed suit against McCranie for breach of the Loan.  (Doc. 1).  On April 27, 2010, McCranie filed his Counterclaim (Doc. 6) and on May 18, 2010, DZ Bank sought its dismissal (Doc. 7).  On July 29, 2010, McCranie filed an Amended Counterclaim asserting the following counterclaims: (1) Declaratory Judgment; (2) Breach of Fiduciary Duty; (3) Fraud; (4) Prior Breach; (5) Breach of Contract; and (6) Money Had and Received.  (Doc. 14).  On September 1, 2010, Defendant filed the instant Motion to Dismiss, seeking dismissal with prejudice of each of the aforementioned claims for failure to state a claim upon which relief may be granted. (Doc. 18).  The Court will address each claim.

### III. ANALYSIS

#### A. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against

the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950 (citation omitted).  "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Bell Atl. Corp., 550 U.S. at 556).  Hence, while the complaint need not set out "detailed factual allegations," Bell Atl. Corp., 550 U.S. at 555, it must provide sufficient factual amplification "to raise a right to relief above the speculative level." id.

In addition to considering the properly-pleaded allegations of the complaint, the court can consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S. Ct. 2499, 2509, 168 L. Ed. 2d 179 (2007). Public records comprise a category of documents subject to judicial notice. See Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999).  Moreover, "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal[.]"  Brooks v. Blue Cross & Blue Shield of Fla., Inc.,

116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam).  And "attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment."  Id.  The court's "duty to accept the facts in the complaint as true does not require [the court] to ignore specific factual details of the pleading in favor of general or conclusory allegations."  Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1205-06 (11th Cir. 2007).  "Indeed, when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern."  Id. at 1206.

### B. Applicable Law

"[C]ourts will enforce choice-of-law provisions unless the law of the chosen forum contravenes strong public policy."  Maxcess, Inc. v. Lucent Techs, Inc., 433 F.3d 1337, 1341 (11th Cir. 2005) (internal quotations and citations omitted).  Paragraph 38 of the Loan at issue states, "[t]his Agreement shall be construed and governed by the laws of the State of Kansas[.]"  (Doc. 1-A).  Therefore, this Court will apply Kansas law.

However, the parties choice of law provision does not displace the procedural law of the forum.  See Shaps v. Provident Life and Accident Insurance Company, 317 F.3d 1326, 1330 (11th Cir. 2003).  Thus, in deciding the instant Motion to Dismiss, the Court will apply the substantive law of the state of Kansas and the procedural law of the United States District Court for the Middle District of Florida.

### C. Failure to State a Claim Upon Which Relief May Be Granted

#### 1. Claim for Declaratory Judgment

In his Amended Counterclaim, McCranie seeks a declaration that DZ Bank is subject to all claims and defenses McCranie has or has had against the Brooke entities,

and that such claims and defenses render the Loan unenforceable against him. (Doc. 14, ¶ 38). Additionally, McCranie asks the Court for a declaration that the Loan is unenforceable for the following reasons:

> a. DZ Bank is not a holder in due course because it did not take for value.
>
> b. Additionally or in the alternative, DZ Bank is not a holder in due course because it did not take in good faith. ...
>
> c. Additionally or in the alternative, DZ Bank is not a holder in due course because it took the instrument with notice that the instrument was overdue or had been dishonored or that there was an uncured default with respect to payment of another instrument issued as part of the same series. ...
>
> d. Additionally or in the alternative, DZ Bank is not a holder in due course because it took the instrument(s) with notice that the instrument(s) contain an unauthorized signature or had been altered. ...
>
> e. Additionally or in the alternative, DZ Bank is not a holder in due course because they took with notice or should have known of claims to the instruments described in Section 84-3-306 of the Kansas Statutes.
>
> f. Additionally or in the alternative, DZ Bank is not a holder in due course because it took with notice that McCranie had a defense or claim in recoupment described in Section 84-3-305(a) of the Kansas Statutes.
>
> g. Additionally or in the alternative, DZ Bank is not a holder in due course because upon information and belief DZ Bank actually had control of the collateral securing [the loan] well before the alleged Surrender of Collateral agreement and had full authority and opportunity to preserve its alleged collateral.

(Doc. 14, ¶ 39).

Regardless of whether an action is brought under federal or state law, the Court will dismiss a declaratory judgment claim in its discretion, if all of the issues will be settled by claims already pending before the Court.  See Knights Armament Company v. Optical Systems Technology, Inc., 568 F.Supp.2d 1369, 1375 (M.D. Fla. 2008). Under the federal Declaratory Judgment Act, a court maintains broad discretion over whether or not to exercise jurisdiction over claims.  "The Declaratory Judgment Act provides that a court may declare the rights and other legal relations of any interested party, not that it must do so."  MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 S. Ct. 764, 776, 166 L. Ed. 2d 604 (2007) (emphasis in original); see also Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330 (11th Cir. 2005) (The Declaratory Judgment Act "only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so.").  The courts thus have "unique and substantial discretion in deciding whether to declare the rights of litigants."  Wilton v. Seven Falls Co., 515 U.S. 277, 286, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995).  A court has similar discretion under Kansas law.  See Aselco, Inc. v. Hartford Insurance Group, 21 P.3d 1011, 1016 (Kan. Ct. App. 2001) (hearing a declaratory judgment action is within the court's discretion).

As a result of DZ Bank's Complaint against McCranie, this Court will determine the following issues: (1) whether DZ Bank is in possession of the Loan and corresponding documents in which it claims an interest, (2) whether the Note was properly endorsed to DZ Bank, (3) whether DZ Bank is subject to the claims and defenses McCranie alleges against the independent Brooke entities, and that such

claims and defenses render the Loan unenforceable, and (4) whether the Loan is enforceable against McCranie as a result of the presence or absence of holder in due course status.  As abovementioned, the need for declaratory judgment does not exist where the issues involved in a claim for declaratory judgment will be decided by claims already pending before the Court.  See Knights Armament Company, 568 F.Supp.2d at 1375; see also Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937) ("It is well settled that the declaratory remedy should not be invoked merely to try issues ... in pending cases.").  Because the issues alleged in McCranie's declaratory judgment claims are already pending before this Court, in its discretion, the Court dismisses McCranie's declaratory judgment claim without leave to amend.

### 2.     Claim for Breach of Fiduciary Duty

DZ Bank argues McCranie's claim for breach of fiduciary duty must be dismissed.  (Doc. 18, pp. 8-10).  Under Kansas law, there are two types of fiduciary relationships: (1) those specifically created by contract, and (2) those implied in law due to the factual situation surrounding the involved transactions and the relationship of the parties to each other and to the questioned transactions.  Denison State Bank v. Madeira, 230 Kan. 684, 691 (Kan. 1982).  DZ Bank contends that neither relationship has been created here.  (Doc. 18, pp. 8-10).

Under Kansas law, a party "who is not under any disability or disadvantage may not abandon all caution and responsibility for his own protection and unilaterally impose a fiduciary relationship on another without a conscious assumption of such duties by the one sought to be held liable as a fiduciary." Daniels v. Army National Bank, 822 P.2d

39, 42 (Kan. 1991). Here, in his Amended Counterclaim, McCranie does not allege that DZ Bank breached any fiduciary duties. See (Doc. 14, pp. 12-13). As pled, the Court finds that McCranie is not under the type of disability or disadvantage that would enable him to impose a fiduciary duty on DZ Bank.[3] Therefore, the Court dismisses McCranie's claim for breach of fiduciary duty with leave to amend, if appropriate.[4]

### 3. Claim for Fraud

DZ Bank argues McCranie's fraud claims against DZ Bank do not adhere to the pleading requirements of Federal Rule of Civil Procedure 9(b) and must be dismissed. (Doc. 18, pp. 10-13). Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, "[in] alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A complaint complies with the requirements of Rule 9(b) of the Federal Rules of Civil Procedure, if it indicates "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they

---

[3]The Court recognizes McCranie's argument that because BCC assigned the loan to BCF, BCF pledged the Loan to DZ Bank, and the Loan incorporates the Franchise Agreement by reference, "DZ Bank stepped into the shoes of Brooke, as franchiser, by virtue of being the assignee of the Finance Agreement and by assuming duties under the Franchise Agreement." (Doc. 28, pp. 6-8); see Hawkinson v. Bennett, 265 Kan. 564 (Kan. 1998) (holding that a Master Franchise had a fiduciary duty to a sales franchise). This Court disagrees and will not "convert ordinary day-to-day business transactions into fiduciary relationships where none were intended or anticipated." See Denison State Bank, 640 P.2d at 1243-44.

[4]The Court recognizes DZ Bank's argument that McCranie is unable to maintain a cause of action for breach of fiduciary duty. See (Doc. 18, pp. 8-10). However, the Court will not rule on this issue at this time as McCranie's breach of fiduciary duty claim is dismissed.

misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." Ziemba v. Cascade International, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001).

The Court agrees with DZ Bank's contention that McCranie has not complied with Rule 9(b) and bases his fraud claims upon the bare allegations that Brooke, American Heritage, and BCC engaged in material misrepresentations or omissions. See (Doc. 14, ¶¶ 50-54). McCranie does not provide any further specificity regarding the misrepresentations or omissions and further fails to designate a time, location, or the specific content of the alleged misrepresentations or omissions. (Id.). Therefore, the pleading requirements of Federal Rule of Civil Procedure 9(b) have not been satisfied and the Court will dismiss McCranie's fraud claim with leave to amend, if appropriate.[5]

### 4. Claim for Prior Breach

DZ Bank argues McCranie has failed to state a claim for prior breach. (Doc. 18, pp. 13-16). Again, in order to meet the basic pleading requirements of Federal Rule of Civil Procedure 8(a)(2), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 570 (2007).

In his Amended Counterclaim, McCranie alleges:

> Brooke, BCC and/or BASC, or their assigns breached their obligations by failing to forward premiums, pay utilities and other obligations under their Franchise Agreements with McCranie. In addition, Brooke, BCC, BASC, or their assigns failed to properly account for commissions and wrongfully

---

[5]The Court recognizes DZ Bank's argument that Plaintiff is unable to assert the elements to sustain a claim for fraud against DZ Bank. (Doc. 18, pp. 10-13). However, the Court will not rule on this issue at this time as McCranie's fraud claim is dismissed.

> swept accounts and/or wrongfully added principal to the loans in violation of the Loan Agreements. These prior breaches by Brooke, BCC, BASC, or their assigns eliminates any claim that DZ Bank has that (1) McCranie is in default under the terms of the Franchise Agreements or Financing Agreements; or (2) termination of the Franchise Agreements in exchange for renegotiating the terms of the Financing Agreements was an offer made with consideration.

(Doc. 14, ¶ 56). McCranie does not allege that DZ Bank committed a prior breach. Additionally, McCranie does not indicate how the alleged prior breaches of "Brooke, BCC, BASC, or their assigns" eliminate DZ Bank's claims against McCranie.[6] Therefore, the Court will dismiss McCranie's prior breach claim with leave to amend, if appropriate.[7]

### 5. Claim for Breach of Contract

DZ Bank argues McCranie has failed to state a claim for breach of contract as it is not a party to the Franchise Agreement. (Doc. 18, pp. 16-19). In response, McCranie argues that DZ Bank assumed the duties of the Franchise Agreement because the Financing Agreement incorporates the Franchise Agreement by reference and by exhibit. (Doc. 28, pp. 9-11). Thus, McCranie contends, DZ Bank is capable of breaching the Franchise Agreement. (Id.).

However, the Omnibus Assignment states that BCC and BCF assign their rights, title, and interest, but none of their obligations to DZ Bank. See (Doc. 1-C) ("The

---

[6]The Court agrees with DZ Bank's contention that, as pled, McCranie's claims of the alleged prior breaches of "Brooke, BCC, BASC, or their assigns" appear to support an affirmative defense, not a counterclaim.

[7]The Court recognizes DZ Bank's argument that McCranie is unable to maintain a cause of action for prior breach. (Doc. 18, pp. 13-16). However, the Court will not rule on this issue at this time as McCranie's prior breach claim is dismissed.

foregoing sale does not constitute and is not intended to result in any assumption by DZ Bank of any obligation of the undersigned to the Obligors, insurers or any other Person in connection with the Loans, the Loan Files, any insurance policies or any agreement or instrument relating to any of them."). "[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." Griffin Industries, Inc., 496 F.3d at 1206. Accordingly, the documents appear to contradict McCranie's allegations that DZ Bank has obligations to McCranie under the Loan documents.

Additionally, under Kansas law, a claim for breach of contract requires the following elements: (1) execution and existence of the contract; (2) sufficient consideration to support the contract; (3) performance or willingness to perform in compliance with the contract alleged; (4) the defendant's breach; and (5) damages. Commercial Credit Corporation v. Harris, 510 P.2d 1322, 1325 (Kan. 1973); City of Andover v. Southwestern Bell Telephone, L.P., 153 P.3d 561, 565 (Kan. Ct. App. 2007). As pled, the Court finds McCranie does not satisfy "the execution and existence of the contract" element under Kansas law, as his claims are not based upon contracts to which both DZ Bank and McCranie are parties. Furthermore, McCranie fails to allege other elements to support a breach of contract claim under Kansas law, including the presence of sufficient consideration to support the contracts alleged and his performance or willingness to perform in compliance with the contracts alleged. See

(Doc. 14, ¶¶ 57-58).  Therefore, the Court will dismiss McCranie's breach of contract claim with leave to amend, if appropriate.[8]

### 6. Claim for Money Had and Received

DZ Bank argues McCranie has failed to state a claim for money had and received.  (Doc. 18, pp. 19-21).  In response, McCranie argues that he and Brooke entered into a Franchise Agreement that provided for sales commissions, and that Brooke would collect said commissions on behalf of McCranie, deduct 15%, and remit the balance to McCranie.  (Doc. 28, pp. 11-12).  Section 2.2 of the Franchise Agreement states, "Brooke shall credit the Franchise Agent Account for Sales Commissions received by Brooke from Companies for Consumer Accounts ..."  According to McCranie, DZ Bank assumed the obligations of the Franchise Agreement, and thus has a duty to pay commissions to McCranie.  (Id.).

Under Kansas law, to prevail on a claim for money had and received, the plaintiff must show that the "defendant holds money which, in equity and good conscience, belongs to him, but if he fails to show such a superior right … he cannot recover." Coppock v. J.C. Nichols Inv. Co., 69 P.2d 701, 702 (Kan. 1937).  As analyzed above, McCranie has not adequately alleged that DZ Bank is a party to the Franchise Agreement, by assignment or other means.  Additionally, the Loan documents, do not

---

[8]The Court recognizes DZ Bank's argument that McCranie is unable to maintain a cause of action for breach of contract. (Doc. 18, pp. 16-19). However, the Court will not rule on this issue at this time as McCranie's prior breach claim is dismissed.

support any allegation that McCranie has a superior right to the commissions.[9] Therefore, the Court finds McCranie has not adequately alleged that DZ Bank holds money which in equity and good conscience belongs to McCranie. Accordingly, the Court will dismiss McCranie's breach of contract claim with leave to amend, if appropriate.[10]

## VI.   CONCLUSION

Accordingly, after due consideration, it is

**ORDERED:**

1.   Plaintiff/Counter-Defendant's Motion to Dismiss Defendant/Counter-Plaintiff's First Amended Counterclaims and Request for Declaratory Relief (Doc. 18) is **GRANTED in part and DENIED in part** as provided in the body of this order**.**

2.   Plaintiff/Counter-Defendant may file a second amended counterclaim no later than **Tuesday, November 30, 2010.**

3.   All other deadlines shall be entered by separate order.

---

[9] McCranie did not attach the Loan documents to his Amended Counterclaim; however, he references said Loan documents. See (Doc. 14).

[10] The Court recognizes DZ Bank's argument that McCranie is unable to maintain a cause of action for money had and received. (Doc. 18, pp. 19-21). However, the Court will not rule on this issue at this time as McCranie's prior breach claim is dismissed.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  16th  day of November, 2010.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record