UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DZ BANK AG DEUTSCHE ZENTRAL-
GENOSSENSCHAFTSBANK, FRANKFURT
AM MAIN, NEW YORK BRANCH,

        Plaintiff,

vs.                                    Case No.  3:10-cv-222-J-MCR

MICHAEL MCCRANIE a/k/a MICHAEL J.
MCCRANIE,

        Defendant.
_____/

# O R D E R[1]

**THIS CAUSE** is before the Court on the parties' Cross Motions for Summary Judgment. (Docs. 50, 54).

## I.   BACKGROUND

On April 17, 2002, Brooke Credit Corporation ("BCC") and Defendant Michael McCranie executed a Promissory Note (the "Note") and an Agreement for Advancement of Loan (the "Agreement for Advancement of Loan") (collectively the "Loan"), whereby BCC agreed to refinance Defendant's previous debts in the amount of $831,407.78, plus interest. See (Doc. 54-A, Ex. 1).  BCC assigned the Loan to Brooke Credit Funding, LLC ("BCF"), and on February 19, 2008, BCF pledged the Loan to DZ Bank

---

[1]The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Doc. 23).

and Autobahn Funding Company, LLC ("Autobahn").[2]  See (Doc. 54-A, ¶ 8).  By written agreement, Autobahn appointed DZ Bank as its agent, authorizing DZ Bank to enforce its rights under the Loan in DZ Bank's name.  See (Id. at ¶ 10).  BCF defaulted on its obligations to DZ Bank.  On October 30, 2008, DZ Bank, BCC, and BCF entered into a Surrender of Collateral, Consent to Strict Foreclosure, Release, and Acknowledgment Agreement (the "Surrender of Collateral").  See (Doc. 54-A, Ex. 2).  The Loan is included in the Surrender of Collateral.  On October 31, 2008, DZ Bank and BCF entered into an Omnibus Assignment Agreement ("Omnibus Assignment") whereby BCC further confirmed that DZ Bank has full ownership of BCF's rights as BCC's assignee under the Loan.  See (Doc. 54-A, Ex. 3).

According to Plaintiff, Defendant defaulted under the Loan by failing to make payments when due.[3]  On March 11, 2010, DZ Bank filed suit against Defendant for breach of the Loan.  (Doc. 1).  On April 27, 2010, Defendant filed his Answer, Counterclaims, and Affirmative Defenses.  (Doc. 8).  On July 29, 2010, Defendant filed an Amended Counterclaim and Request for Declaratory Relief.  (Doc. 14).  DZ Bank subsequently filed a Motion to Dismiss.  (Doc. 18).  On November 16, 2010, this Court granted DZ Bank's Motion to Dismiss in part, dismissing Defendant's Request for Declaratory Relief with prejudice and dismissing Defendant's Amended Counterclaims with leave to amend no later than November 30, 2010.  (Doc. 29).  Defendant did not

---

[2] BCF's senior secured creditors are DZ Bank and Autobahn.  See (Doc. 54-A, ¶ 10).

[3] Non-payment is an Event of Default under the Loan.  See (Doc. 54-A, Ex. 1).

file a Second Amended Counterclaim; therefore, Defendant's counterclaims are deemed dismissed.

Defendant filed his Motion for Summary Judgment on June 14, 2011, alleging that Home Federal Loan Savings & Loan Association of Nebraska ("Home Federal") is the owner and holder of the Loan, not DZ Bank.  On July 5, 2011, DZ Bank filed its response in opposition to Plaintiff's Motion and Cross Motion for Summary Judgment.  (Doc. 54).  On August 1, 2011, Defendant filed its response in opposition to Plaintiff's Cross Motion for Summary Judgment.  (Doc. 63).  On August 17, 2011, after seeking leave of the Court, Plaintiff filed a Reply to Defendant's Opposition to Plaintiff's Cross Motion for Summary Judgment.  (Doc. 70).  Accordingly, this matter is now ripe for judicial review.

## II.    ANALYSIS

### A.    Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).  The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] ... which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

**B.     Applicable Law**

"[C]ourts will enforce choice-of-law provisions unless the law of the chosen forum contravenes strong public policy." Maxcess, Inc. v. Lucent Techs, Inc., 433 F.3d 1337, 1341 (11th Cir. 2005) (internal quotations and citations omitted).  Paragraph 38 of the Loan at issue states, "[t]his Agreement shall be construed and governed by the laws of the State of Kansas[.]"  (Doc. 1-A).  Therefore, this Court will apply Kansas law.

However, the parties choice of law provision does not displace the procedural law of the forum.  See Shaps v. Provident Life and Accident Insurance Company, 317 F.3d 1326, 1330 (11th Cir. 2003).  Thus, in deciding the instant Motions for Summary Judgment, the Court will apply the substantive law of the state of Kansas and the procedural law of the United States District Court for the Middle District of Florida.

**C.     Defendant's Motion for Summary Judgment**

Defendant requests the Court enter summary judgment in his favor because "Plaintiff can not prove he had authority to enforce the Promissory Note at issue in this matter."  (Doc. 50, p. 1).  Specifically, Defendant argues DZ Bank is not the holder of the Promissory Note because Home Federal is the owner and holder of the Loan.  (Id. at p. 2).  In support of his contention, Defendant submitted a letter from Home Federal's counsel claiming that Home Federal has the right to payments due under the Loan; a Participation Certificate and Agreement allegedly entitling Home Federal to the payments due under the Loan; and a business card from Scott A. Haskell, the Executive Vice President of Home Federal (collectively the "Home Federal Documents").  See (Doc. 50-A).

Pursuant to the Kansas Uniform Commercial Code, "a purchaser of an instrument has priority over a security interest in the instrument perfected by a method other than possession if the purchaser gives value and takes possession of the instrument in good faith and without knowledge that the purchase violates the rights of the secured party." Kan. Stat. Ann. § 84-9-330(d). Knowledge is defined as "actual knowledge." Kan. Stat. Ann. § 84-1-202(b).

Here, the Court finds that DZ Bank is the holder in due course of the Loan because it took assignment of the Loan for value paid, in good faith and without notice of any claim or defense relating to the Loan.[4] See Kan. Stat. Ann. § 84-3-302(a). Defendant argues that DZ Bank did not take the Loan in good faith because it should have been on notice of possible claims or defenses relating to the Loan for the following two reasons: (1) a September 2, 2008 letter Defendant sent to BCC requesting to terminate the Loan; and (2) a case filed on September 1, 2008 by the Bank of New York Mellon against BCC regarding alleged fraud relating to the Loan committed by BCC. The Court disagrees with Defendant's contention because the Loan was pledged to DZ Bank on August 29, 2006, over two years prior to the letter from Defendant or the claim filed against BCC by the Bank of New York Mellon. See (Doc. 54-A). Therefore, DZ Bank could not have had notice of any potential claim or defense relating to the Loan at the time the Loan was pledged as collateral by BCF to DZ Bank. Thus, the Court finds DZ Bank took the Loan in good faith and is a holder in due course of the Loan.

---

[4] DZ Bank became the holder in due course of the Loan on August 29, 2006, the date the Loan was pledged as collateral by BCF.

While it appears the Loan may have been double pledged, DZ Bank's possession of the Loan provides it with a superior security interest than that of Home Federal. See Kan. Stat. Ann. § 84-9-330(d). Although the Home Federal Documents evidence that Home Federal may have an interest in the Loan, they do not contradict DZ Bank's assertion that it has priority over Home Federal through DZ Bank's possession of the Loan documents. See (Doc. 63-B). Because DZ Bank has possession of the original Loan documents, its security interest in the Loan takes priority over other parties that perfected their security interests without possession. See Kan. Stat. Ann. § 84-9-330(d). Therefore, as DZ Bank has demonstrated that it is the holder of the Loan, Defendant's Motion for Summary Judgment is due to be denied.

### D. Plaintiff's Motion for Summary Judgment

Plaintiff claims it is entitled to summary judgment on its breach of contract claim. (Doc. 54, pp. 8-10). In Kansas, a claim for breach of contract requires the following elements: (1) execution and existence of the contract; (2) sufficient consideration to support the contract; (3) performance or willingness to perform in compliance with the contract alleged; (4) the defendant's breach; and (5) damages. Commercial Credit Com. v. Harris, 510 P.2d 1322, 1325 (Kan. 1973); City of Andover v. Sw. Bell Tel., L.P., 153 P.3d 561, 565 (Kan. Ct. App. 2007).

Here, the Court finds that the elements of breach of contract have been met. First, the Loan exists and was executed.[5] Second, Defendant was loaned a specific amount of money to refinance an existing debt and agreed to make payments under the

---

[5]Defendant admits the same. See (Doc. 6, ¶ 5).

Loan.  See (Doc. 54-A, Ex. 1).  Because Defendant entered into the Loan and was provided with the funds in accordance with the Loan, there was sufficient consideration to support the Loan.  See (Doc. 54-A, ¶ 7).  Third, DZ Bank performed in compliance with the Loan.  See (Id. at ¶ 20).  Fourth, Defendant breached the Loan by failing to make payments to DZ Bank pursuant to the terms of the Loan. See (Id. at ¶¶ 17-18).  Finally, DZ Bank was damaged as a result of Defendant's breach of the Loan.  See (Doc. 54-A, Ex. 1; 12-B).

As above analyzed, DZ Bank is the holder in due course of the Loan because it took assignment of the Loan for value paid, in good faith and without knowledge of any claim or defense relating to the Loan.  See Kan. Stat. Ann. § 84-3-302(a).  Additionally, DZ Bank has a superior security interest in the Loan than that of Home Federal.  See Kan. Stat. Ann. § 84-9-330(d).  As the holder in due course of the Loan, DZ Bank is not subject to any personal defenses Defendant may assert against BCC or BCF.  See Kan. Stat. Ann. § 84-3-305(b).  DZ Bank is only subject to the defenses enumerated in Section 84-3-305(a)(1) of the Kansas Code.  See Kan. Stat. Ann.§ 84-3-305(b).  These defenses are: "(A) infancy of the obligor to the extent it is a defense to a simple contract, (B) duress, lack of legal capacity, or illegality of the transaction which, under other law, nullifies the obligation of the obligor, (C) fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms, or (D) discharge of the obligor in insolvency proceedings."  Id.

Defendant asserts two affirmative defenses against DZ Bank: (1) impossibility of performance under the Loan and; (2) that BCC and/or DZ Bank failed to adequately

preserve the collateral under the Loan. Neither defense asserted is applicable to a holder in due course as they would not fall into any of the categories enumerated above. Since DZ Bank is a holder in due course, Defendant's asserted defenses would not prevent DZ Bank from enforcing its rights under the Loan.

Even disregarding DZ Bank's status as holder in due course of the Loan, Defendant's alleged affirmative defense of impossibility of performance is without merit. The general rule regarding impossibility is "when one agrees to perform an act possible in itself he will be liable for breach thereof although contingencies not foreseen by him arise which make it difficult, or even beyond his power, to perform and which might have been foreseen and provided against in the contract." Sunflower Elec. Co-op., Inc. v. Tomlinson Oil Co., Inc., 7 Kan. App. 2d 131, 140 (1981). Here, the Loan could have contained a contingency for the difficulties that Defendant claims lead to his failure to perform under the Loan, but Defendant failed to request a provision in the Loan to deal with this issue. Simply because Defendant did not foresee an event that could make performance under the Loan difficult for him, does not discharge his liability to DZ Bank for payment on the Loan.

Additionally, Defendant's affirmative defense asserting that BCC or DZ Bank failed to preserve collateral under the Loan is without merit. It is unclear whether Defendant is alleging that BCC or DZ Bank failed to preserve the collateral that was the subject of the Loan as he provides no analysis on this point. See (Doc. 63). The section of the Kansas statute cited by Defendant provides that "a secured party must use reasonable care in the custody and preservation of collateral in his possession." Kan.

Stat. Ann. § 84-9-207. DZ Bank never had possession or control over the collateral that is the subject of the Loan. Further, Defendant failed to allege any facts that would indicate DZ Bank ever had possession of the collateral. Therefore, Defendant's affirmative defenses are without merit and DZ Bank's Cross Motion for Summary Judgment is due to be granted.

### III. CONCLUSION

Accordingly, after due consideration, it is

**ORDERED:**

1. Defendant's Motion for Summary Judgment (Doc. 50) is **DENIED.**

2. Plaintiff's Cross Motion for Summary Judgment (Doc. 54) is **GRANTED.** Plaintiff shall provide the Court with a proposed judgment within 14 days of entry of the date of this Order that includes the total amount of Plaintiff's damages. Plaintiff should attach records supporting the award.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  31st  day of August, 2011.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record