UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DZ BANK AG DEUTSCHE ZENTRAL-GENOSSENSCHAFTSBANK, etc.,

Plaintiff,

v. CASE NO. 3:10-cv-222-SJH

MICHAEL MCCRANIE, etc.,

Defendant.
______________________________/

**ORDER**

On June 8, 2016, an amended judgment was entered in favor of Plaintiff and against Defendant ("Judgment"). Doc. 197. Defendant appealed. Doc. 198. The Eleventh Circuit affirmed, Doc. 203, and the mandate issued on March 29, 2018, Doc. 204. In 2026, Defendant began filing post-judgment motions. Doc. 205. He filed two motions for clarification and other relief concerning the Judgment, which were denied without prejudice. Docs. 205–08. On April 30, 2026—more than 8 years after the Eleventh Circuit's mandate—Defendant filed a motion seeking relief under Rule 60(b)(4) of the Federal Rules of Civil Procedure ("Rule(s)"), contending that the Judgment was void. Doc. 213. That motion, and a successor, were each denied without prejudice. Docs. 214, 215, 218. Before the Court is Defendant's Renewed Motion for Relief from Void Judgment Pursuant to Rule 60(b)(4), Emergency Motion to Stay Enforcement, and Memorandum of Law in Support ("Motion"), filed on May 18, 2026. Doc. 219. The Motion is due to be denied.

The Motion seeks relief from the Judgment and a stay of enforcement on the grounds that the Judgment is void. *Id.* Defendant argues that, based on the analysis of the Eleventh Circuit, Plaintiff failed to establish its entitlement to enforce the underlying note. *Id.*[1]

The Motion fails to show entitlement to relief. Under Rule 60(b)(4), "[a] court may relieve a party from a final judgment or order if 'the judgment is void.'" *Bainbridge v. Governor of Fla.*, 75 F.4th 1326, 1335 (11th Cir. 2023) (citation omitted). A void judgment susceptible to such relief must be "one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *Id.* (citation omitted). For example, "[a] judgment is not void 'simply because it is or may have been erroneous'"; rather "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* (citations omitted).

Even as to the erroneous exercise of jurisdiction, "it is well-settled that a mere error in the exercise of jurisdiction does not support relief under Rule 60(b)(4)[,]" which "is reserved 'only for the exceptional case in which the court that rendered judgment lacked even an arguable basis for jurisdiction[.]'" *Id.* at 1335 n.4 (citations

[1] Though not acknowledged in the Motion, the Eleventh Circuit specifically discussed and explained that, although contested by Defendant under different theories, the underlying note was properly transferred to Plaintiff, which showed standing to enforce it. Doc. 203 at 2, 21–24, 32.

omitted); *see also United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270–71 (2010); *Est. of Roig by & through Olivera v. United Parcel Serv., Inc.*, No. 22-13043, 2023 WL 5321473, at *2 (11th Cir. Aug. 18, 2023).[2]

The Motion makes no showing of entitlement to relief. To the contrary, its premise—that the analysis of the Eleventh Circuit in *affirming* the Judgment necessarily renders the Judgment so fundamentally infirm as to warrant exceptional relief under Rule 60(b)(4)—is untenable.

Moreover, even if relief were otherwise available under Rule 60(b)(4), which it is not, parties "seeking relief under Rule 60(b)(4) must comply with Rule 60(c)(1) and file a motion within a reasonable time." *Coney Island Auto Parts Unlimited, Inc. v. Burton Tr. for Vista-Pro Auto., LLC*, 607 U.S. 155, 162 (2026). The Motion—based on the reasoning of the Eleventh Circuit but not filed until more than 8 years after the mandate and after other unsuccessful motion practice directed to the Judgment—is untimely, so relief under Rule 60(b)(4) is unavailable. *See id.* at 157–58, 162.[3]

---

[2] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289–90 (11th Cir. 2000); 11th Cir. R. 36-2.

[3] Though not directly arguing the Motion is timely, the Motion appears to skirt the issue by citing to former Eleventh Circuit precedent drawing a distinction between allegations of voidness due to lack of jurisdiction versus other grounds for relief under Rule 60. *See* Doc. 219 at 2. To the extent, though not cited in the Motion, the Eleventh Circuit formerly relied on such a distinction to relax the reasonableness requirement for the timing of a motion alleging voidness due to a jurisdictional defect, such authority has been abrogated by the Supreme Court. *See Coney Island Auto Parts*, 607 U.S. at 157–60 & n.1. Regardless, even the relaxed standard formerly applied by the Eleventh Circuit did not allow litigants to sleep on their rights (as with the timing of the Motion). *See, e.g.*, *Bainbridge*, 75 F.4th at 1335–36; *A & F Bahamas LLC v. World Venture Grp., Inc.*, 796 F. App'x 657, 661–62 (11th Cir. 2020); *Clements*

Accordingly, it is **ordered** that the Motion, Doc. 219, is **denied**.

**DONE AND ORDERED** in Jacksonville, Florida, on August 5, 2026.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

*Pro Se* Party

Counsel of Record

*v. 3M Elec. Monitoring, Inc.*, No. 2:16-cv-776-SPC-NPM, 2021 WL 2435756, at *1–2 (M.D. Fla. June 15, 2021). And, as discussed herein, the Motion fails even if timely.